## Buckley *et al. versus* Columbia Insurance Company.

1. In an action by a mutual insurance company to recover assessments made on a premium-note of defendants, the record of a former suit between the same parties for other assessments, where it did not disclose the particular facts for which it was offered, was properly rejected.

2. It was proper to reject evidence that defendants had paid a certain cash

[Buckley *v.* Columbia Ins. Co.]

premium and the rate was the same as that charged to others when no premium-note was required. Being a mutual company the fact that a less sum was paid at the time of insurance would not prevent an assessment of larger sums to pay subsequent losses.

3. Notice to the agent through whom the insurance was effected, that the defendants did not wish to be longer insured in the company, could not destroy the insurance relation, nor was notice of their desire to such an agent notice to the company.

4. Evidence was offered to show that no suits had been brought for losses during the time in which these assessments were made, and that by the terms of the policies issued there were no losses in that time for which the company could legally make an assessment. *Held,* that the first part of the offer was clearly inadmissible, and the latter part too vague in its terms.

5. The defendants averred that before the company could recover, it must prove that the losses occurred during the time when defendants' policy was in force. By a provision of the act of incorporation, "where an action is brought for the recovery of the assessment on a premium-note, the certificate of the secretary specifying the assessment and the amount due on such note by means thereof shall be taken and received as primâ facie evidence thereof in all courts of this Commonwealth." *Held,* that it was the manifest design of the statute to make the certificate primâ facie evidence that the necessities of the company justified the assessment, and that it was duly and legally made, in the absence of proof to rebut this presumption.

6. The insured was entitled to notice of the assessment before suit brought, and where it was disputed whether such notice had been given, it was error for the court to take this question from the jury and to decide upon its sufficiency.

7. It was error in this case to peremptorily direct the jury to find for the company.

January 17th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of July Term 1876, No. 138.

Assumpsit, by the Columbia Insurance Company, against John Buckley and James Johnston, trading as John Buckley & Co., to recover assessments made upon the following premium-note of the defendant :—

"$1350. For value received in policy No. 30,508, issued by the Columbia Insurance Company, we promise to pay said company the sum of thirteen hundred and fifty dollars — cents, in such proportions and at such times as the directors of said company may, agreeably to their act of incorporation, require.

Dated the 9th day of ⎫　Signed,　JOHN BUCKLEY & Co."
　September 1871. ⎭

A *narr.* was filed, with special counts, to recover assessments made January 9th 1875, of eight, twenty and ten per cent.; total, thirty-eight per cent.; and assessments made same date for twenty-five per cent. of said note; altogether for the sum of $850.50.

The defendants pleaded, " Non-assumpserunt, payment with leave," &c.

The company was incorporated as a mutual insurance company,

[Buckley *v.* Columbia Ins. Co.]

by the Act of the 25th of February 1860, Pamph. L. 81. The 2d section of this act provides: "And all persons who shall hereinafter insure with the said corporation, and their executors, administrators and assigns, continuing to be insured therein, shall thereby become members thereof during the period they shall remain insured by said corporation, and no longer."

The 7th section: "That every member of said company shall be bound to pay for all losses, and the necessary expenses accruing in and to said company, in proportion to the amount of his depositenote."

Section 8th provides: "That whenever an assessment is made on any premium-note given to said company in consideration for any policy of insurance issued by said company, and an action is brought for the recovery of such assessment, the certificate of the secretary specifying the amount due on such note by means thereof, shall be taken and received as primâ facie evidence thereof, in all the courts of this Commonwealth."

At a regular meeting of the board of directors, held at the office of the company January 9th 1875, the preamble and the following resolution were adopted:—

"Resolved, That on all premium-notes of this company, held liable to assessment on May 8th 1870, an assessment of twenty (20) per centum be levied; and also on all premium-notes of this company held liable to assessment July 1st 1872, a further additional assessment of eight (8) per cent. be levied; and also, that on all premium-notes of this company held liable to assessment on the 31st of December 1872, a further additional assessment of twenty (20) per cent. be levied; and also, that on all premium-notes of this company held liable to assessment on the 31st of December 1873, a further additional assessment of ten (10) per cent. be levied; and that to all persons who shall pay these assessments prior to March 1st 1875, together with any back assessments, interest and costs, owing by them, a deduction of five (5) per cent. hereon be made; and this assessment be designated as 'Deficiency Assessment A.'"

Assessment No. 17, for twenty-five per cent. of amount of premium-notes to cover losses of 1874, was also included in the suit, but on the trial the plaintiff only claimed to recover twenty-eight per cent. under "Deficiency Assessment A," being amount assessed on notes held liable to assessment July 1st 1872 and December 31st 1872.

One of the conditions of the policy issued to Buckley & Co. was as follows:—

"Whenever an assessment has been made by the directors of this company on the premium-notes of its members, if the amount assessed on the premium-note given on this policy is not paid within thirty days from the time the same is demanded by the said com-

[Buckley v. Columbia Ins. Co.]

pany, then this policy shall be void. But the said company shall have the right to collect the amount due on said assessment."

Buckley & Co. applied for a policy of insurance of $3000, for which they paid a premium of $67.50, and gave their premium-note above. The policy was to run for five years. On the 9th of September 1872 they also paid $67.50 on the policy.

On the 10th of May 1873 the company made an assessment upon the note of Buckley & Co. of six per cent., and on January 12th 1874 a second assessment of six per cent. Notice was duly given of both assessments; neither were paid, and suit was brought for their recovery.

The facts in that case were submitted in a case stated, and the court entered judgment for the amount of the first assessment only, on the ground that, by the terms of the policy, if an assessment is made and not paid within thirty days after due notice, the policy was void, and that therefore the second assessment was not recoverable. (See the report of the case ante, page 293, wherein this judgment of the lower court is reversed.)

On the 9th of January, the assessments in the above resolution were determined upon, and this suit was brought to recover the amount of these several assessments.

The defendants alleged that they had not received notice of these assessments, nor had any demand been made upon them. It was in evidence that the notices of these assessments had been sent out by the officers of the company.

On the trial, before Finletter, J., the defendants made the following offers of evidence:. 1. The record of the former suit above alluded to, for the purpose of showing suit on this same note, for assessments made May 10th 1873, and 12th January 1874, and that assessments were made on those dates, and demand made for the payment of the same; this for the purpose of showing that the assessment of May 10th 1873, for six per cent., was sufficient to meet the liabilities at that time, and to show that the policy was void at the time of the assessments in suit.

2. An offer to show that the property described in the policy was destroyed by fire in December 1874.

3. An offer to show that when policy was obtained defendants paid $67.50, which was to be the annual cash premium; that the same was paid on September 9th 1872, again; that the same was the annual cash premiums required by the company, and that it was the rate charged by the company when no note was required.

4. An offer to show that, in 1872, the witness gave notice to the agent through whom the insurance was obtained that he did not wish to be longer insured in the company; that he was informed by the agent that the policy should be null and void.

5. An offer to show by a clerk of the company, that no suits have been brought on policies for losses reported to the company

between September 9th 1871, and May 10th 1873; and that by the terms and conditions of the policies issued by the company there are no losses between those dates to pay, for which the company could legally make an assessment January 9th 1875.

6. An offer of the minute-book of the company of meeting held May 10th 1873, to show,

*a.* That the losses on stock policies, under the amendment to the charter, the mutual company is not liable for.

*b.* To show that, at this time, an assessment of 6 per cent. was sufficient to pay all losses.

All of which the court rejected.

Defendants also submitted the following points :—

1. That the verdict must be for the defendants.

2. That if the jury find from the evidence that no notice of the assessment was given defendants before suit brought, plaintiff cannot recover.

3. That the plaintiff having failed to prove that the losses occurred during the time when the defendants' policy was in force, the verdict must be for the defendants.

All of which the court refused and charged the jury, that there was no defence, and that they must find for the plaintiff the amount claimed.

The defendants took this writ, and their assignments of error were from 1 to 6, inclusive, to the rejection of their testimony; 7, 8 and 9, to the refusal of their points, and 10, to the direction of the court to the jury to find for the plaintiff.

*Andrew Zane, Jr.,* and *David C. Harrington,* for plaintiffs in error.—The defendants were not liable, provided an assessment had been made and remained unpaid thirty days after demand; or if the property was destroyed by fire; or if the policy was cancelled by agent.

There was no evidence to submit to a jury that payment had ever been demanded, and without this there can be no recovery.

The court erred in directing the jury to find for plaintiff, and in saying that there was no defence: Strohl *v.* Levan, 3 Wright 177.

*Sharp & Alleman* (with whom was *J. F. Frueauff*), for defendant in error.—When the charter of an insurance company makes every member responsible for his proportion of losses happening to the company, every such member is liable to the company for his proportion of the losses happening while he continues a member, and assessments may be made on his premium-note, on account of such losses, even after he ceases to be a member: Flanders on Fire Insurance, p. 147, citing St. Louis Mut. Fire & Marine Ins. Co. *v.* Boeckler, 19 Mo. 135; Marblehead Mut. Ins. Co. *v.* Underwood,

[Buckley v. Columbia Ins. Co.]

3 Gray 210; Fayette Mut. Fire Ins. Co. v. Fuller et al., 8 Allen 27.

Liability on the premium-note continues after the destruction of the premises insured: Flanders on Fire Insurance, pp. 27 and 28, citing Bangs v. Scidmore, 24 Barb. 29; s. c. 21 N. Y. 136; New Hampshire Mut. Fire Ins. Co. v. Rand, 4 Fost. 428; see Swamscot Mach. Co. v. Partridge, 25 N. H. 369.

But even if this were not so, the assessments were for losses occurring previous to the fire.

The charter of the company makes the secretary's certificate primâ facie evidence of the assessment and the amount due.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1877.

This action was brought to recover assessments made on the premium-note of the plaintiffs in error. Six errors are assigned to the rejection of evidence and four to the charge of the court.

1. The record of a former suit for other assessments was not admissible. It did not tend to show either of the facts for which it was offered.

2. We cannot say there was error in rejecting evidence that the property insured was destroyed by fire in December 1874. We have not been furnished with a copy of the policy. We know not how far, by its terms, a loss by fire may operate on the premium-note. Besides, the offer does not profess to show that the assessment of December 31st 1874 was not for the payment of losses sustained before the fire.

3. This evidence was correctly rejected. Being a mutual insurance company, the fact that a lesser sum was paid at the time of the insurance would not prevent the assessment of larger sums to pay subsequent losses.

4. Notice to the agent through whom the insurance was obtained that they did not wish to be longer insured in the company, could not destroy the insurance relation. They could not thus relieve themselves from their obligations, nor was notice of their desire to such an agent notice to the company.

5. As a whole, this offer was clearly inadmissible. The fact that no other suits had been brought to recover losses was wholly irrelevant, and the court was not bound to separate the offer and admit a part. Whether the latter part of the offer by itself would be evidence it is difficult to determine. The offer should have been made in more clear and specific terms to show that the company did not sustain the alleged losses for the payment of which the assessments in controversy were made; or, if so sustained, that they had been paid by assessments made and collected prior to the assessments now in question. If the insured can show fraud or clear mistake in making the assessments it will constitute a defence: Jones v.

[Buckley *v.* Columbia Ins. Co.]

Sisson, 6 Gray 288; People's Equitable Mutual Fire Ins. Co. *v.* Babbitt, 7 Allen 235; Traders' Mutual Fire Ins. Co. *v.* Stone, 9 Id. 483; Hummell & Co.'s Appeal, 28 P. F. Smith 320.

6. We cannot reverse for the rejection of the minute book. No copy of the portion offered is furnished for our inspection. Its relevancy is therefore not shown.

7. There was no error in refusing this instruction.

9. The eighth section of the act of incorporation declares, when an action is brought for the recovery of the assessment on a premium-note, "the certificate of the secretary specifying the assessment and the amount due on such note by means thereof, shall be taken and received as primâ facie evidence thereof in all courts of this Commonwealth." That is, as evidence of "the assessment and the amount due" by reason of the assessment. The manifest design of the statute is to make the certificate of the secretary primâ facie evidence; that the necessities of the company justified the assessment, and that it was duly and legally made. No evidence having been given to rebut this presumption this assignment is not sustained.

8 and 10. The insured was entitled to notice of the assessment before suit was brought. The case of Thornton *et al. v.* The Western Reserve Farmers' Ins. Co., 7 Casey 529, is cited to show that the want of notice can be plead in abatement only. There is a *dictum* to that effect in the opinion of Mr. Chief Justice LOWRIE; but the report of the case shows that notice of the assessment was averred in the claim filed, and proved on the trial. The question in that case appears to have arisen on the language of a statute of Ohio, which prescribed the averments to be set set forth in the declaration, and that it should therein be averred that notice had been given thirty days before the commencement of the suit. The omission of that averment was interposed as a defence; but the fact of notice was not controverted. That case was ruled on the pleadings. In the present case no question was raised in the court below in regard to the pleadings. The company appears to have recognised the necessity of its proving notice. It gave some evidence tending to show it, but not sufficient to say it was conclusively proved. The witness testified, "Notices of these assessments were sent out by the officers of the company." When or how sent, or to whom, is not stated. The insured plaintiffs in error deny having received any notice. It may be that the jury would have found the evidence of notice sufficient; but the question should have been submitted to it, and its sufficiency not decided by the court.

The learned judge therefore erred in not affirming the second point submitted by the plaintiffs in error; and he also erred in giving a peremptory direction to the jury to find for the corporation the amount claimed.

Judgment reversed, and a *venire facias de novo* awarded.